IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHRISTOPHER RYAN PIGGOTT,

    Petitioner,

v.                                  Civil Action No. 3:11CV432

LORETTA KELLY,

    Respondent.

**MEMORANDUM OPINION**

Christopher Ryan Piggott, a Virginia state prisoner proceeding pro se, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his convictions in the Circuit Court of the City of Williamsburg and County of James City, Virginia ("Circuit Court"). Respondent moves to dismiss on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Piggott has responded. The matter is ripe for disposition.

**I. PROCEDURAL HISTORY**

The Circuit Court convicted Piggott of one count of hit and run, one count of attempted capital murder of a police officer, one count of assault and battery of a police officer, one count of eluding police, and one count of possession of a firearm by a convicted felon. Commonwealth v. Piggott, No. 15372, at 1 (Va. Cir. Ct. July 16, 2007). On July 16, 2007, the Circuit Court

sentenced Piggott to an active term of twenty-seven years of imprisonment. Id.

Piggott appealed his convictions for hit and run, attempted capital murder of a law enforcement officer, and assault and battery of a law enforcement officer to the Court of Appeals of Virginia. Piggott v. Commonwealth, No. 1797-07-1, at 1 (Va. Ct. App. Sept. 23, 2008).[1] The Court of Appeals of Virginia affirmed Piggott's conviction for attempted capital murder of a police officer and "denied [his] petition for appeal with regard to those parts of the judgment pertaining to [Piggott's] convictions of hit and run and assault and battery of a law enforcement officer." Id. (internal citations omitted). On April 1, 2009, the Supreme Court of Virginia refused Piggott's petition for appeal. Piggott v. Commonwealth, No. 082008, at 1 (Va. Apr. 1, 2009).

A. **Piggott's State Habeas Petitions**

On May 3, 2010, the Circuit Court received a petition for a writ of habeas corpus ("First Petition") from Piggott. On September 28, 2010, the Circuit Court dismissed the First Petition as untimely pursuant to section § 8.01-654(A)(2) of the

---

[1] Piggott did not appeal his convictions for eluding police and possession of a firearm by a convicted felon. Piggott, No. 1797-07-1, at 1.

Virginia Code.[2] Piggott v. Kelly, Warden, No. 10-52600, at 3 (Va. Cir. Ct. Sept. 28, 2010) (citing Haas v. Lee, 560 S.E.2d 256, 258 (Va. 2002)). On May 19, 2011, the Supreme Court of Virginia refused Piggott's subsequent petition for appeal. Piggott v. Kelly, Warden, No. 102407, at 1 (Va. May 19, 2011).

On July 13, 2011, Piggott submitted a second petition for a writ of habeas corpus to the Circuit Court ("Second Petition"). On September 8, 2011, the Circuit Court dismissed the Second Petition, inter alia, as untimely pursuant to Virginia Code § 8.01-654(A)(2). Piggott v. Kelly, Warden, No. 11-857, at 3-4 (Va. Cir. Ct. Sept. 8, 2011).

### B. Piggott's Federal Habeas Petition

On June 25, 2011, Piggott filed his § 2254 Petition in this Court.[3] (§ 2254 Pet. 15.) In the § 2254 Petition, Piggott makes the following claim for relief:

---

[2] This section states, in pertinent part, that:

> A habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later.

Va. Code Ann. § 8.01-654(A)(2) (West 2010).

[3] The Court deems the petition filed on the date Piggott swears he placed the petition in the prison mailing system. See Houston v. Lack, 487 U.S. 266, 276 (1988).

3

> Ineffective assistance of counsel violated [Piggott's] rights under the Sixth[4] and Fourteenth[5] Amendments, based on counsel's failure to conduct an adequate pretrial factual and legal investigation in preparation to file [a] motion for mental evaluation on [the] crucial issue of [Piggott's] sanity at the time of the crime and [his] competency to stand trial.

(§ 2254 Pet. 4 (capitalization corrected).)

## II.  ANALYSIS

### A.  Statute Of Limitations

Respondent contends that the federal statute of limitations bars Piggott's claim. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

> 1.  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

---

[4] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

[5] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

4

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **2.** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**B.  Commencement Of The Statute Of Limitations**

Piggott's judgment became final for the purposes of the AEDPA on Wednesday, July 1, 2009, the last day to file a petition for certiorari in the Supreme Court of the United States. <u>Hill v. Braxton</u>, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct

5

review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Sup. Ct. R. 13(1) (petition for certiorari should be filed within ninety days of entry of judgment by state court of last resort or of the order denying discretionary review). Accordingly, Piggott had one year, or until Thursday, July 1, 2010, to file a petition pursuant to 28 U.S.C. § 2254. Piggott did not file his § 2254 Petition until June 25, 2011.

C. **Statutory Tolling**

To toll the statute of limitations a prisoner must "*properly* file[ ]" a state court petition for collateral review. Artuz v. Bennett, 531 U.S. 4, 8 (2000). A petition denied by a state court as untimely fails to qualify as "properly filed" within the meaning of the AEDPA. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) (internal quotation marks omitted).[6] Though Piggott submitted the First Petition to the Circuit Court prior to the expiration of the AEDPA statute of limitations, the Circuit Court dismissed the First Petition for failure to comply

---

[6] Piggott asks this Court to review the Circuit Court's decision to deny his petition as untimely pursuant to Va. Code § 8.01-654(A)(2). However, "[i]t is beyond the mandate of federal habeas courts . . . to correct the interpretation by state courts of a state's own laws." Sharpe v. Bell, 593 F.3d 372, 383 (4th Cir. 2010) (citing Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008)); see Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

6

with Virginia's statute of limitations governing habeas petitions. Piggott v. Kelly, Warden, No. 10-52600, at 3 (Va. Cir. Ct. Sept. 28, 2010) (citing Va. Code. Ann. § 8.01-654(A)(2); Haas v. Lee, 560 S.E.2d 256, 258 (Va. 2002)). Thus, because Piggott failed to properly file the First Petition, it did not toll the AEDPA statute of limitations. Pace, 544 U.S. at 417.

The Second Petition did not warrant statutory tolling because the AEDPA statute of limitations expired prior to its filing.[7] Deville v. Johnson, No. 1:09cv72 (CMH/TRJ), 2010 WL 148148, at *2 (E.D. Va. Jan. 12, 2010) (citing Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)). Thus, the statute of limitations ran for 724 days before Piggott filed the § 2254 Petition. Accordingly, unless Piggott demonstrates entitlement to belated commencement or equitable tolling, the statute of limitations will bar his § 2254 Petition.

### D. Belated Commencement

In addition to the date on which a judgment becomes final, federal law provides that the statute of limitations may commence on "the date on which the impediment to filing an

---

[7] Furthermore, the Circuit Court dismissed the Second Petition for, inter alia, failure to comply with Virginia's statute of limitations on habeas petitions. Piggott v. Kelly, Warden, No. 11-857, at 2-3 (Va. Cir. Ct. Sept. 8, 2011). Thus, Piggott failed to properly file the Second Petition in the Circuit Court. Pace, 544 U.S. at 417.

application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). To delay the running of the statute of limitations, § 2244(d)(1)(B) requires: (1) state action that both (2) violated the Constitution or laws of the United States and (3) prevented the prisoner from filing a habeas petition. Ocon-Parada v. Young, No. 3:09cv87, 2010 WL 2928590, at *2 (E.D. Va. July 23, 2010) (citing Johnson v. Fla. Dep't of Corr., 513 F.3d 1328, 1331-32 (11th Cir. 2008)).

Piggott asserts that:

> During the months of March, April, and May of 2010, Mr. Piggott was assigned to a non-privilege housing unit at Sussex I State Prison where he was placed on 22 hour lockdown and restricted from communicating with jailhouse lawyers and [had] absolutely no access to the law library and to legal material.

(Pet'r's Traverse (Docket No. 15) 2 (capitalization corrected).) Piggott appears to claim that the three months he spent in "non-privilege housing" prevented him from filing a timely state court habeas petition.[8] (Id.; § 2254 Pet. 14.) Thus, Piggott

---

[8] As explained above, this Court cannot review the Circuit Court's determination that the First Petition was untimely pursuant to Virginia's statute of limitations governing habeas petitions. See supra Part II(C) n.6.

argues, this Court should grant him a belated commencement of the AEDPA's statute of limitations.

### 1. State-Created Impediment In Violation Of The Constitution

The Court doubts that allegations of the ilk advanced by Piggott adequately demonstrate his first two requirements under 28 U.S.C. § 2244(d)(1)(B): a state-created impediment "in violation of the Constitution or the laws of the United States." 28 U.S.C. § 2244(d)(1)(B); see, e.g., Akins v. United States, 204 F.3d 1086, 1090 (11th Cir. 2000) ("The mere inability of a prisoner to access the law library is not, in itself, an unconstitutional impediment."); but see Egerton v. Cockrell, 334 F.3d 433, 438-39 (5th Cir. 2003) ("[A] state's failure to provide the materials necessary to prisoners to challenge their convictions or confinement, in this case a copy of the very statute that is being used to render [the prisoner's] petition time-barred, constitutes an 'impediment' for purposes of invoking § 2244(d)(1)(B)."). Because no "'abstract, freestanding right to a law library or legal assistance'" exists, Finch v. Miller, 491 F.3d 424, 427 (8th Cir. 2007) (quoting Lewis v. Casey, 518 U.S. 343, 351 (1996)), Piggott must show that his segregation in the "non-privilege housing" (§ 2254 Pet. 14) violated his constitutional right to access to the

courts. See Akins, 204 F.3d at 1090 (rejecting petitioner's claim that a prison lockdown constituted an unconstitutional government impediment denying him access to the courts because he failed to show that the lockdown violated the Constitution).

Nevertheless, the Court need not resolve the constitutionality of the state action here because Piggott cannot demonstrate success on the final prong: that such action actually prevented him from timely filing a § 2254 Petition. See Ramirez v. Yates, 571 F.3d 993, 1001 (9th Cir. 2009) (emphasizing that state action must "altogether prevent[ ] [a petitioner] from presenting his claims in *any* form, to *any* court" to trigger § 2244(d)(1)(B)).

### 2. Demonstration That Alleged State-Created Impediment Prevented Petitioner From Filing A Federal Habeas Petition

Even if circumstances alleged by Piggott could support a claim of unconstitutional state action, Piggott fails to assert any specific facts showing how the three-month lockdown between March and May of 2010 inhibited him from submitting a § 2254 Petition until June 25, 2011—nearly two years after the Circuit Court entered judgment.[9] "[Section 2244(d)(1)(B)] demands that a

---

[9] Piggott claims that, because federal petitions require state exhaustion, any impediment to his state petition impeded his federal petition. (§ 2254 Pet. 14-15.) However,

10

state-created impediment must, to animate the limitations-extending exception, 'prevent' a prisoner from filing for federal habeas relief." Wood v. Spencer, 487 F.3d 1, 7 (1st Cir. 2007) (citing Lloyd v. Van Natta, 296 F.3d 630, 633 (7th Cir. 2002)); see Potter v. United States, Nos. 1:03cr595, 1:06cv157, 2007 WL 749674, at *4 (E.D. Va. Mar. 5, 2007) (rejecting petitioner's claims that his placement in a holding facility for four months and his subsequent relocation to an institution with no access to legal materials or jailhouse lawyers constituted a government-created impediment (citing Akins, 204 F.3d at 1090)). Here, Piggott succeeded in executing and filing a habeas petition in state court during the same period he alleges unconstitutional state action prevented Piggott from filing an application for habeas relief.[10] These

---

the Supreme Court has explained that where a petitioner has reasonable confusion about his obligation to exhaust his state remedies, but was concerned about the running of the federal statute of limitations, the petitioner should file a "'protective' petition in federal court [ ] asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted."

Ocon-Parada, 2010 WL 2928590, at *3 n.10 (quoting Pace, 544 U.S. at 416). Piggott failed to file any protective petition in federal court.

[10] Piggott provides no explanation why the Circuit Court did not receive his First Petition, which he executed on April 12, 2010, until May 3, 2010. State Petition for Writ of Habeas

11

facts refute the assertion that state action prevented him from filing any habeas petitions, state or federal. See Ramirez, 571 F.3d at 1000-01; Felder v. Johnson, 204 F.3d 168, 171 n.9 (5th Cir. 2000) (noting that the petitioner's filing a habeas petition before the removal of the alleged state-created impediment suggests that the state action did not prevent him from filing a petition).

Nothing in Piggott's submissions explains how the alleged state impediment arising from his three months in "non-privilege housing" (§ 2254 Pet. 14) actually prevented him from filing a § 2254 Petition. Thus, Piggott fails to demonstrate entitlement to a belated commencement of the statute of limitations pursuant to 28 U.S.C. § 2244(d)(1)(B).

### E. Equitable Tolling

Petitions pursuant to 28 U.S.C. § 2254 are subject to equitable tolling. See Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 2562 (quoting Pace, 544 U.S. at 418). An inmate asserting equitable tolling "'bears a strong

---

Corpus, Piggott v. Kelly, Warden, No. 10-52600 (Va. Cir. Ct. executed Apr. 12, 2010).

burden to show specific facts'" that demonstrate he fulfills both elements of the test. Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Piggott does not attempt to explain a basis for his entitlement to equitable tolling. See Allen v. Johnson, 602 F. Supp. 2d 724, 727-28 (E.D. Va. 2009 (Ellis, J.) ("'[T]ransfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances.'" (quoting Warren v. Kelly, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002))). Moreover, Piggott fails to demonstrate that he acted with diligence in filing his § 2254 Petition. Accordingly, Piggott does not qualify for equitable tolling. Because Piggott fails to demonstrate any meritorious grounds for belated commencement or equitable tolling, the § 2254 Petition will be denied as untimely.

### III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (Docket No. 8) will be granted. Piggott's § 2254 Petition will be denied, and the action will be dismissed.

13

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this requirement only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Piggott fails to meet this standard. A certificate of appealability will therefore be denied.

The Clerk of the Court is directed to send a copy of this Memorandum Opinion to Piggott and counsel for Respondent.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: August 17, 2012